IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT T. DEMERS
ADC #114850                                                                                            PLAINTIFF

V.                                         NO: 5:05CV00235 JMM/HDY

LARRY B. NORRIS, *et al.*                                                                      DEFENDANTS

## FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
3. The detail of any testimony desired to be introduced at the

1

>hearing before the District Judge in the form of an offer of
>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## DISPOSITION

Pending before the Court is the Defendants' Motion for summary judgment, (docket entry #18), and their Brief in support (docket entry #19). Plaintiff has filed his response (docket entry #22).

Plaintiff, an inmate at the Tucker Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 action, alleging that defendants was deliberately indifferent to Plaintiff's risk of being assaulted by another inmate. Defendants argue that Plaintiff's cause of action should be dismissed because Plaintiff failed to fully exhaust his administrative remedies prior to filing his lawsuit.

### I. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

2

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analyis

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the Plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir.2005)(per curiam). In his Response to Defendants' Motion (docket entry #22), Plaintiff admits that he failed to fully exhaust, and notes that the deputy director's decision on grievance TU-05-00093 "was rendered exactly one day following the file marking of Plaintiff's USC 1983 application." Docket entry #5, submitted by Plaintiff, is a copy of the deputy director's decision, and is dated August 16, 2005. Plaintiff filed his Complaint on August 15, 2005 (docket entry #1). Thus, Plaintiff did not fully exhaust his grievance until after his Complaint was filed. Plaintiff contends that he did not receive notification of an extension until after he mailed his claim, which resulted in the "file date irregularity" of one day (docket entry #22). However, the Prison Litigation Reform Act "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and if not, dismissal of the

3

Complaint is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003). Because Plaintiff failed to fully exhaust his grievance before he filed his lawsuit, his claims should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendants' Motion for summary judgment (docket entry #18) be GRANTED, and that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

DATED this __19__ day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE